**ORIGINAL**

# In the United States Court of Federal Claims

No. 18-117
(Filed: June 28, 2018)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

LAVERN CHARLES FASTHORSE,

    *Plaintiff,*

v.

THE UNITED STATES,

    *Defendant.*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**FILED**
JUN 28 2018
U.S. COURT OF
FEDERAL CLAIMS

### ORDER

Plaintiff, appearing *pro se*, filed his complaint on January 22, 2018. In it, he alleges that his birth certificate was monetized at his conception and the proceeds are being held in the "Vatican World Trust" and used to fund his incarceration. Compl. 2. Furthermore, plaintiff alleges that he is a sovereign person not subject to government codes and regulations. *Id.* at 3–4. On April 16, 2018, defendant moved to dismiss for lack of subject-matter jurisdiction. That motion is fully briefed and oral argument is deemed unnecessary.

The Tucker Act provides this court's primary grant of jurisdiction, as it authorizes us to "render judgment upon any claim against the United States founded either upon the constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2012). The Tucker Act does not create any new substantive right for plaintiffs to enforce against the United States. *United States v. Testan*, 424 U.S. 392, 398 (1976). Instead, plaintiffs must identify a separate source of authority allowing for monetary recovery from the United States. *Id.*

To determine whether this court has subject-matter jurisdiction over

plaintiff's claim, the court accepts the allegations in plaintiff's complaint as true and draws all reasonable inferences in favor of plaintiff. *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011). Although *pro se* plaintiffs receive latitude in their pleadings, this court cannot excuse jurisdictional shortcomings. *See Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995).

From the face of the complaint, it is clear that plaintiff does not allege a claim over which this court has jurisdiction. Plaintiff's complaint does not identify a substantive source of law establishing that the federal government owes plaintiff money. Nor does he assert an express or implied contract upon which plaintiff can recover damages. Instead, plaintiff makes a wide variety of allegations against the federal government and entities alleged to be working with the federal government.

To the degree that plaintiff references federal law, such as the Power of Appointment Act, 26 U.S.C. § 2041, although the statute is an "Act of Congress," it does not create a private right of action for the relief that he seeks. Plaintiff seeks funds the United States allegedly earned through the monetization of his birth certificate as well as exemption from government codes and regulations. Compl. 3–4. Plaintiff does not point to any right of action, and thus relief is beyond this court's jurisdiction.

Plaintiff also references a criminal conspiracy between, *inter alia*, the South Dakota Department of Health, the U.S. Department of Treasury, the U.S. Department of State, and the Vatican World Trust. This court, however, does not have jurisdiction over criminal claims. *Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994).

Similarly, plaintiff's reliance on international treaties is insufficient. The United States Court of Federal Claims has no jurisdiction over claims arising out of international treaties. 28 U.S.C. § 1502 (2012). As such, the Treaty of Guadalupe Hidalgo cannot provide the basis for subject-matter jurisdiction.

After briefing concluded, plaintiff attempted to file another document in opposition to the defendant's motion to dismiss. Since the court's rules have no provision for the filing of such a document and because it would make no difference to our holding, the document will be returned unfiled.

Accordingly, the following is ordered:

1. The clerk's office is directed to return the document received on June 19, 2018, to plaintiff unfiled.

2. Defendant's motion to dismiss is granted. The Clerk is directed to dismiss the complaint for lack of subject-matter jurisdiction and enter judgment accordingly. No costs.

_____
ERIC G. BRUGGINK
Senior Judge